UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ONEIL CLARKE,

                        Plaintiff,

          -against-                    **MEMORANDUM OF DECISION AND ORDER**
                                                        05 CV 2922 (ADS) (JO)

JUDGE RICHARD LAPERA, Personally
and Individually as a Nassau County
Court Judge, JUDGE CLAIRE WEINBERG,
and A.D.A. JAMES HALTER,

                        Defendants.
-------------------------------------------------------X

**APPEARANCE:**

**ONEIL CLARKE**
*Pro Se* Plaintiff
04009107
Nassau County Correctional Facility
100 Carman Avenue
East Meadow, N.Y. 11554

**SPATT, District Judge.**

On June 9, 2005, *pro se* plaintiff Oneil Clarke ("Clarke" or the "plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983. On July 2, 2005, this Court *sua sponte* dismissed the complaint with leave to amend. On July 25, 2005, plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court *sua sponte* dismisses the amended complaint with prejudice.

It is well-settled that the Court is required to read the plaintiff's *pro se* complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972). Further, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50, 109 S. Ct. 2893 (1989); *Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir. 1999).

## I. BACKGROUND

The plaintiff alleges that in January 2004, he was searched without a warrant and arrested at his home by Nassau County detectives and charged with identity theft and possession of stolen credit cards. Plaintiff claims that no incriminating evidence was found in his possession relating to stolen credit cards.

An investigation subsequently revealed that the identities of several individuals were stolen in New York City, and were then used to acquire multiple credit cards that were mailed to an address in Queens County, New York.

Without any indication as to whether the plaintiff plead guilty or was found guilty by a Court or jury, the plaintiff alleged that he was sentenced to two years in prison and was ordered to pay more than $8,000 in restitution. The plaintiff further alleges that the sentencing judge, Nassau County Court Judge Richard Lapera had no jurisdiction over his case, and that he sentenced him without an attorney present to represent him.

The plaintiff further alleges that when the evidence revealed that the plaintiff's telephone line was used to activate a new credit card, his attorney told defendant ADA Halter that plaintiff had been having difficulty with his phone line, and that it had been repaired several times.

The Plaintiff seeks monetary damages of an undisclosed amount.

## II. DISCUSSION

### A. Application of the Prisoner Litigation Reform Act

Under the provisions of 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act ("PLRA"), a district court must dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted;or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action when as it makes such a determination. *See id.*

#### 1. 42 U.S.C. Section 1983

Section 1983 provides, in relevant, part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

3

42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution or laws of the United States. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S. Ct. 2744 (1982); *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998).

### a. The Claim Against Judge Lapera and Judge Weinberg

The Court finds that the claims against the defendants Lapera and Weinberg must be dismissed with prejudice under the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he [or she] took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11-12 (quotations omitted).

Furthermore, in October of 1996, Congress amended Section 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; Federal Courts Improvement Act

of 1996, Pub.L. No. 104-317, § 309(c), 110 Stat. 3847, 3853; *see also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999); *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir.1998). Here the plaintiff does not allege, and the amended complaint does not suggest, that a declaratory decree was violated or that declaratory relief was unavailable, and the claims for injunctive relief against the defendants Lapera and Weinberg are dismissed with prejudice.

Accordingly, the amended complaint is dismissed with prejudice against Judge Lapera and Judge Weinberg as defendants.

### b. The Claim Against Assistant District Attorney Halter

Plaintiff also names as a defendant Assistant District Attorney James Halter. It is well-established that prosecutors are immune from civil suits for acts that occur within the scope of the prosecutor's official duties, and that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606 (1993); *see Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'") (citations omitted); *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986) (discussing prosecutorial immunity for all activities "that can fairly be characterized as closely associated with

the conduct of litigation or potential litigation, including presentation of evidence to a grand jury").

Even when prosecutors undertake conduct that is beyond the scope of their litigation-related duties and perform functions normally associated with a police investigation, they are still entitled to qualified immunity. *Fox v. City of New York*, 2004 WL 856299, at *11 (S.D.N.Y. Apr. 20, 2004), *citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Giving advice to the police during the investigation phase is such an activity. *Burns v. Reed*, 500 U.S. 495, 496, 111 S. Ct. 1934 114 L. Ed.2d 547 (1991).

Applying the facts alleged in the complaint to the law as stated above, the Defendant Halter is absolutely immune from these claims in his personal and official capacity. He is immune from the attacks by the plaintiff with regard to the manner in which the assistant district attorney performed his functions as an advocate by initiating and pursuing a criminal prosecution.

Furthermore, to the extent that plaintiff is raising a malicious prosecution claim, it does not appear to be ripe for this court's consideration. "[A] malicious prosecution claim brought under § 1983 is governed by state law." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). Under New York law, "a plaintiff suing for malicious prosecution must establish: (1) the initiation or continuation of a criminal proceeding against the plaintiff; (2) *termination of the proceedings in the plaintiff's favor*; (3) lack

of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." Id. (emphasis added). The amended complaint, filed on July 25, 2005, does not present any facts indicating whether the prosecution of which plaintiff complains resulted in a conviction or sentence which was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994). Accordingly, there can be no viable Section 1983 malicious prosecution cause of action.

C.  **Release From Confinement**

To the extent that Plaintiff is seeking his release from confinement pursuant to Section 1983, the Supreme Court has ruled that the appropriate procedure for that relief is by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475 (1975); *see also Abdul-Hakeem v. Koehler*, 910 F.2d 66, 68-69 (1990). In *Preiser*, the Supreme Court stated that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. Therefore, to the extent that Plaintiff is seeking release from confinement

pursuant to Section 1983, he has failed to articulate a claim on which relief may be granted.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Court *sua sponte* dismisses the amended complaint in its entirety with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to the plaintiff by regular first class mail and by certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2005

/s/ Arthur D. Spatt
United States District Judge